UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSEAN NEWSOME                                          CIVIL ACTION

VERSUS                                                  NUMBER: 05-5465

JEFFERY PRIMES, ET AL.                                  SECTION: "R"(5)

**REPORT AND RECOMMENDATION**

Rosean Newson[1]/, hereinafter referred to as plaintiff, has instituted suit on the standard form utilized by inmates for voicing a complaint pursuant to 42 U.S.C. §1983. (Rec. doc. 1). He has named as defendants Sgt. Jeffery Primes and Sgt. Steve Price, both guards at the Washington Correctional Institute ("WCI"). A jury demand has not been sought and plaintiff is proceeding in forma pauperis. (Rec. docs. 1, 4). Plaintiff's claims involve separate and distinct factual scenarios as to each defendant, although both involve incidents that allegedly occurred on October

---

[1]/ While the caption to this matter indicates that the spelling of plaintiff's surname is "Newsome", plaintiff signs his name as "Newson". (Rec. doc. 1, pp. 1, 6). The Court, therefore, refers to plaintiff as Rosean Newson.

1, 2005.

The Court held an evidentiary hearing for purposes of determining the facts pertinent to plaintiff's allegations. (Rec. doc. 42).[2]/ Irrespective of whether plaintiff has sought trial by jury, the Court retains an obligation to screen inmate claims in order to avoid frivolous litigation.

With respect to actions filed in forma pauperis, such as the instant lawsuit, 28 U.S.C. §1915(e)(2)(B) provides in pertinent part as follows:

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> * * * * * * * *
> (B) the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

Title 28 U.S.C. §1915A(b), which mandates that federal courts screen all civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, similarly provides:

> [o]n review, the court shall identify cognizable claims

---

[2]/ See Flowers v. Phelps, 956 F.2d 488 (5th Cir.), vacated and superseded in part on denial of reh'g by 964 F.2d 400 (5th Cir. 1992). Inasmuch as there has been no jury demand in this case, the concerns of McAffee v. Martin, 63 F.3d 436 (5th Cir. 1995) are not implicated.

>or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

As to plaintiff's claim against Sgt. Steve Price, plaintiff alleged in his complaint that Price directed a racial epithet towards him on October 1, 2005. (Rec. doc. 1). Specifically, Newson alleges that Price came to his cell for purposes of performing a shakedown. Price is alleged to have told plaintiff to "bring your black ass to the bars to be restrained before we take your nigger ass back to slavery". (<u>Id</u>. at p. 3).

At the evidentiary hearing, plaintiff testified that Price came to his cell for a shakedown and told him to "bring his black nigger ass to the bar" so he could be handcuffed. Plaintiff refused Price's command, complying only after he was ordered to submit to handcuffing three or four more times. Plaintiff further testified that this was the only occasion where Price had ever used a racial epithet towards him.

Sgt. Price testified that, on October 1, 2005, he observed plaintiff smoking in his cell. Cigarettes are considered contraband and this provoked the need for a shakedown of plaintiff's residential living area. Price went to plaintiff's cell, ordering him to come to the bars to be handcuffed. Plaintiff

refused the order, complying only when Price started to notify a ranking officer of the problem. Price handcuffed plaintiff and left him in the shower area of the tier for a body cavity search to be performed. Contraband in the form of cigarettes, pills, a lighter and another inmate's shirt were confiscated from plaintiff's cell. Newson was written up for possession of contraband, defiance, aggravated disobedience and theft.

Assuming arguendo that racial epithets as suggested by Newson were used towards him by a guard, this occurrence, while rude, does not set forth a claim that is cognizable under 42 U.S.C. §1983. Harvey v. Stalder, 130 Fed. Appx. 654 (5th Cir.), cert. denied, 546 U.S. 839, 126 S.Ct. 77 (2005); McFadden v. Lucas, 713 F.2d 143, 146-147 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983). Moreover, pursuant to 42 U.S.C. §1997e(e), a prisoner cannot recover monetary damages for mental or emotional injury suffered while in custody without a prior showing of physical injury.[3]/ Here, Sgt. Price is alleged to have utilized only words

---

[3]/ In addition to monetary damages, plaintiff sought an immediate transfer from WCI and the initiation of criminal charges against Sgt. Primes. (Rec. doc. 1, p. 6). The Court is powerless to grant the former request because state prisoners such as Newson have no constitutionally protected interest in being imprisoned at any particular penal institution even if life in the alternate institution is much more disagreeable. Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Santos v. La. Dept. Of Corr., 1996 WL 89260 at *3-4 (E.D. La. Feb. 28, 1996). As for the second form of injunctive

without inflicting physical injury on plaintiff.  Accordingly, plaintiff's claim against Sgt. Price may be considered frivolous and should be dismissed summarily.  <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997).

As to plaintiff's complaints concerning Sgt. Jeffery Primes, the allegations made by plaintiff are considerably more serious. Plaintiff alleged in his complaint that, once he was in the shower area of the tier to have the strip search performed, Sgt. Primes harassed him by making sexually suggestive remarks and by reaching through the bars of the cell and pinching him on the penis.  The date of this occurrence was also October 1, 2005.  (Rec. doc. 1, pp. 4-5).  Plaintiff further alleged that inmates Jules Duperon and Anthony Bowman witnessed the incident in question.

The Court received testimony from Jules Duperon, a seasoned litigator himself, which was less than helpful.  Duperon was lodged on an area of the tier from which the shower area was not visible. He acknowledged that he could not remember the incident in question

---

relief requested by plaintiff, private citizens do not have standing to bring criminal charges against others as citizens have no constitutional right to have their claims investigated by federal or local executive officials.  <u>See</u>, e.g., <u>Gomez v. Whitney</u>, 757 F.2d 1005 (9th Cir. 1985); <u>Dunyan v. FBI</u>, 1992 WL 25777 (E.D. Pa. Feb. 5, 1992); <u>Moses v. Kennedy</u>, 219 F.Supp. 762 (D. D.C. 1963).  Thus, the only form of relief that the Court could conceivably award in this case, if a valid claim were proven up, is monetary damages.

but testified that Sgt. Primes has jumped on Newson and beaten him, an allegation which even the plaintiff had not made.  Later, upon prompting by plaintiff, Duperon testified that he heard plaintiff yelling about Primes pulling his clothing off and doing something to his anus or penis.  Again, the Court notes that even plaintiff did not contend that Primes had pulled his clothing off; rather, plaintiff had disrobed of his own accord, preparatory to undergoing a strip search.

The testimony of Anthony Bauman was also not entirely consistent with plaintiff's version of events.  Bauman stated that Primes pulled plaintiff into the shower area and told him to remove his clothing.  Plaintiff, however, testified that it was Price, not Primes, who escorted him to the shower area after he was handcuffed.

Bauman admitted that he could not see into the shower area of the tier.  He could only hear a racket coming from that area.  At some point Bauman stated that plaintiff claimed to be bleeding and to have something wrong with his penis.

The Court also received testimony from Sgt. Price who testified that Sgt. Luper, rather than Sgt. Primes, performed the visual search on plaintiff after he was undressed.  According to Price, Primes was "working the keys" at the time plaintiff was searched.  As such, he could not enter the tier with the keys and

did not do so.  After Luper completed his visual cavity search of plaintiff, Luper took the contraband and gave it to Primes for safekeeping.

Kevin Luper, who at the time of the hearing had been promoted from Sergeant to Lieutenant, testified that he had performed the visual cavity search of plaintiff on October 1, 2005.  Luper testified that he did not reach through the bars of plaintiff's cell because that is against security policy.  To do so subjects a guard to the danger of being grabbed by an inmate.  After his search was concluded, Luper gave plaintiff back his clothing.  Plaintiff, himself, does not implicate Luper in any wrongdoing.

Sgt. Primes testified that he had custody of the cell door keys at the time of the incident of which plaintiff complains.  He further stated that keys are not allowed on the tiers and that he did not enter the area when the search in question was performed.

Primes further backs up Luper's testimony that Luper, rather than Primes, performed the search in question.  Primes specifically testified that he did not touch plaintiff's penis.

Lastly, Major Jerry Paul Miller testified that he knows a great deal about prison policies, having worked at the prison for twenty years.  He opined that visual cavity searches are performed in the shower area of the tier.  During such searches, the officer does not touch the inmate.  He further opined that it is most

imprudent for an officer to put his hand into a cell, presumably because it subjects the officer to the danger that the inmate could harm him.  Finally, Major Miller testified that he was not aware of any complaints of sexual harassment against Sgt. Primes.

The Court has reviewed plaintiff's medical records which indicate that he sought attention immediately after the alleged incident.  Those documents do not reflect any injury or damage to plaintiff's genital area.  However, the Court notes that, on October 4, 2005, plaintiff was not only complaining to the doctor that a guard had pinched his penis, he was now claiming that his testicles had been squeezed by the guard as well.  This allegation was not made in his complaint nor in any discussions with the Court.

At the time of his examination, the doctor noted that plaintiff exhibited no evidence of trauma.  There were no lesions or abrasions on his penis. Nor was there any bruising or swelling of the scrotum.  Despite plaintiff's complaints of being in pain, no reason for same could be documented nor does it appear that any medication was dispensed. See Def. Exh. 1.

Defendants also introduced Defense Exhibit 2, which is another disciplinary report pertaining to plaintiff, generated as a result of activity on October 1, 2005 following the incidents at issue in this litigation.  Several hours following the first incident, Sgt.

Price escorted one of the nurses down the tier to dispense medication.  At that point, plaintiff is alleged to have loudly announced that "I'm going to write Sgt. Price up for reaching through the bars and pinching the head of my dick".  When given a direct order by Price to hold down his noise, plaintiff is alleged to have refused, continuing with "...I'm going to get you Sgt. Price, you want to fuck with me, I'll show you what I can do." This business record maintained by the jail is inconsistent with plaintiff's current allegations that Sgt. Primes was the one who touched him inappropriately.

    The Court notes that at all relevant times, plaintiff bears the burden of establishing the truth of his allegations.  Here, he has no physical proof that he was touched on his penis by Sgt. Primes or anyone else.  Despite complaints of pain in his genital area to the medical department, there was no evidence of trauma. The area where the incident is alleged to have occurred was outside of the view of any other people besides plaintiff and the individual who performed the search.  Other inmates were not in that area and could not see in there.  Visual cavity searches, by definition, do not require that an inmate be touched and, inserting one's hand through the bars of a cell, as plaintiff contends happened, is clearly against accepted jail policy for the safety of the officer.

All this having been said, the Court does not believe that plaintiff can sustain his burden of establishing that he was sexually harassed by Sgt. Primes.  There was no obvious physical injury which plaintiff has sustained as is required to recover money damages under §1997e(e).  While plaintiff may contend that he suffered mental or emotional injury, the Court cannot consider same without the requisite proof of physical injury which is completely lacking here.  Even if one assumes, <u>arguendo</u>, that inappropriate touching of plaintiff did occur, the medical records indicate that plaintiff's alleged injury was <u>de minimis</u>.  <u>Siglar</u>, 112 F.3d at 193-94.

Factual matters aside, plaintiff herein sues the named defendant correctional officer for acts taken within the performance of their lawful duties and there is no indication that the defendants are being sued in anything other than their official capacities.  Title 42 U.S.C. §1983 provides a cause of action to individuals whose constitutional rights have been violated by a "person" acting under color of state law.  However, because of Eleventh Amendment immunity, neither states nor state officials acting in their official capacities are considered to be "persons" within the meaning of §1983.  <u>Will v. Michigan Dept. Of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304 (1989).  As such, plaintiff's claim for monetary damages from the defendants is, in essence, a

suit against the State and is barred by the Eleventh Amendment. See, e.g., Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

**RECOMMENDATION**

IT IS RECOMMENDED that the claims of plaintiff, Rosean Newson, against defendants, Sgt. Jeffrey Primes and Sgt. Steve Price, be dismissed as frivolous for failing to state a claim upon which relief might be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  17th  day of     March    , 2008.

                                                ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE